Hans N. Huggler, ABA No. 1505025
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone: 907-264-3318
Facsimile: 907-276-2631
Email: hugglerh@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS AND HEATHER BATCHELDER<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS<br><br>Defendant. | Case No. 1:21-cv-00014-TMB<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. Sections 1331, 1441, and 1146, Defendant Blue Cross and Blue Shield of Illinois, an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSIL"), removes the above-captioned action from the Superior Court for the State of Alaska at Juneau, Alaska to the United States District Court of Alaska.

## I. STATE COURT LAWSUIT

1. On June 18, 2021, Plaintiffs Thomas and Heather Batchelder ("Plaintiffs") filed their Complaint in the Superior Court for the State of Alaska at Juneau, Alaska, captioned *Thomas & Heather Batchelder v. Blue Cross Blue Shield of Illinois*, 1JU-21-00665CI (the "State Action"). *See* Plaintiffs' Complaint, attached as Exhibit A; *see also,* a true and correct copy of the State Court docket sheet, attached as Exhibit B.

2.     On June 28, 2021, BCBSIL received Plaintiffs' Complaint via certified mail, restricted delivery, at its principal place of business in Chicago, Illinois.  *See* Exhibit C.

3.     On July 6, 2021, BCBSIL received Plaintiffs' Summons and Complaint via certified mail, restricted delivery, at its principal place of business in Chicago, Illinois.  *See* Exhibit D.

4.     In the Complaint, Plaintiffs allege that they received benefits under a health benefit plan sponsored by the Boeing Corporation (the "Plan")[1] for retiree employees.  *See* Exhibit A, ¶ 3.  The Plan is self-funded, which means that The Boeing Company funds the Plan.  *See* Declaration of Suzanne Livorsi ("Livorsi Decl.") attached as Exhibit E, ¶¶ 4-5.

5.     BCBSIL serves as the Claims Administrator for the Plan and, in that capacity, provides administrative services only for the Plan.  *Id.*, ¶ 5.

6.     Plaintiffs allege in the Complaint that they submitted multiple claims for benefits to BCBSIL from October 10, 2020, through December 31, 2020, and that BCBSIL purportedly wrongfully denied the claims under the Plan.  *See* Exhibit A, ¶ 4.

7.     Based on the foregoing allegations, Plaintiffs purport to bring causes of action against BCBSIL for breach of contract and breach of the implied covenant of good faith and fair dealing.  *See generally*, Exhibit A.

## II.  FEDERAL QUESTION JURISDICTION

8.     Where state law claims are asserted seeking recovery of benefits under an ERISA-governed plan—as Plaintiffs' Complaint does here—then the state lawsuit falls within Section 502(a) of ERISA and may be removed to federal court.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).

9.     Section 502(a) of ERISA completely preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because such a cause of action "conflicts with the clear congressional intent to make the ERISA

---

[1] In the Complaint, Plaintiffs refer to the Plan sponsor as the Boeing Corporation.  *See* Exhibit A, ¶ 3.  However, the correct name is The Boeing Company.

remedy exclusive….." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). "In other words, if an individual, at some point in time, could have brought his claim under ERISA Section 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA Section 502(a)(1)(B)." *Id*. at 210.

10. As a result, complete preemption under Section 502(a) is "an exception to the well-pleaded complaint rule," and a case may be removed to federal court even though the petition does not assert a cause of action under federal law if the plaintiff asserts a state-law cause of action that duplicates, supplements, or supplants the remedies provided by ERISA. *Id*. at 207-08.

11. This case seeks recovery of healthcare benefits under an employee welfare benefit plan that is governed by ERISA, and thus, Plaintiffs' claims against BCBSIL are preempted by ERISA. *Id.*; *see also*, Exhibit A.

A. **The Plan is an Employee Welfare Plan Under ERISA.**

12. ERISA's provisions apply to any "employee benefit plan" that is "established or maintained …by any employer engaged in commerce or in any industry or activity affecting commerce…." 29 U.S.C. Section 1003(a)(1). ERISA defines an "employee benefit plan" (or "plan") as "an employee welfare benefit plan." 29 U.S.C. Section 1002(3). ERISA in turn defines an "employee welfare benefit plan" as "any plan, fund, or program … established or maintained by an employer … for the purpose of providing … benefits in the event of sickness, accident, disability, death, or unemployment." 29 U.S.C. Section 1002(1).

13. Here, ERISA governs the Plan. Plaintiffs allege that they received health benefits under the Plan sponsored by The Boeing Company, which is an employer-established employee group benefit plan. Exhibit A, ¶ 3; Exhibit E, ¶ 5. This, alone, is sufficient to establish that the Plan is an ERISA plan. *See, e.g., D.C. v. Greater Washington Bd. of Trade,* 506 U.S. 125, 130 (1992) ("employer-sponsored health insurance programs are subject to ERISA regulation").

14. The benefit booklet outlining eligible benefits under the Plan (the "Benefit Booklet") in effect between 2016 and the present provides separate and additional evidence that Plaintiffs' Plan is an ERISA Plan. *See* Benefit Booklet, Ex. 1 to Livorsi Decl.[2] Initially, the Benefit Booklet makes clear that benefits under the Plan are provided to eligible retired employees—that is, that the Plan was established for the benefit of the Company's retired employees. *Id.*, p. 1.[3] The Benefit Booklet also provides that The Boeing Company funds the Plan. *See id.*, p. 3 (providing that the "Plan may be funded through The Boeing Company VEBA Master Trust"); p. 73 ("Company contributions primarily pay the cost under this Plan. Retired employee contributions, if any, pay a small portion of the cost of coverage[.]"); p. 74 (providing that The Boeing Company VEBA Master Trust funds the Plan). The Plan's benefits, beneficiaries, and procedures for receiving benefits are also evidenced in the Benefit Booklet. *See id.*, §§ Eligibility and Enrollment, Summary of Medical Plan Benefits, Claims, Appeals, Coordination of Benefits, and Subrogation, Plan Administration and Legal Rights.

**B.  The Plan Falls Outside of ERISA's Safe Harbor Provision.**

15. The Plan also falls outside the Department of Labor's exemptions, which excludes a plan from ERISA's coverage if it meets all four of the following criteria: "(1) No contributions are made by an employer or employee organization; (2) Participation . . .

---

[2] In the Complaint, Plaintiffs purport to attach a "copy of the agreement" but, Plaintiffs never served a copy of it on BCBSIL and the docket does not reflect whether a "copy of the agreement" was actually filed with the Court. After service of the Complaint, Plaintiffs forwarded to BCBSIL's counsel a document titled "Summary of Benefits and Coverage" ("SBC"), which they appeared to have attached to the Complaint as a "copy of the agreement." A copy of the SBC is included in Exhibit F at pp. 10-17. The SBC also shows that the Plan is offered by the Boeing Company and that the group number is 7IMO41. *See id.*, p. 10.

[3] The Plan specifically covers eligible retired employees of the McDonnell Douglas Corporation (or the "Company"), which is a wholly owned subsidiary of The Boeing Company. Livorsi Decl., Ex. 1, p. 1. The Company, as a wholly owned subsidiary of The Boeing Company, controls aspects of the Plan as described herein.

is completely voluntary for employees or members; (3) The sole functions of the employer . . . [is] to collect premiums . . . ; and (4) The employer . . . receives no consideration . . . in connection with the [Plan] . . . ." 29 C.F.R. § 2510.3-1(j)(1)-(4). To be exempt from ERISA, a plan must meet all four requirements of the safe harbor exemption. *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1149 (9th Cir. 2000).

16. Here, the Plan fails the first criterion and thus, falls outside of the ERISA safe harbor exemption. As already established, The Boeing Company contributes to the Plan and thus, funds the Plan. *See* Livorsi Decl., Ex. 1, pp. 3, 73, 74. *Tamrazian v. Unum Life Ins. Co. of Am.*, No. 219CV05583SVWJPR, 2019 WL 9514782, at *4 (C.D. Cal. Sept. 23, 2019) (plan fell outside of safe harbor exemption because employer contributed to the plan).

17. Additionally, the Benefit Booklet shows that the Company performs many functions beyond collecting premiums and thus, the Plan also fails the third criterion. Indeed, the Company has "the right to terminate, suspend, or modify any benefits described" in the Benefit Booklet "in whole, or in part, at any time, and for any reason, for retired employers and their dependents." Livorsi Decl., Ex. 1, p. 3. The Company also controls many aspects of the Plan such as setting periods of enrollment for benefits and effective dates of coverage. *See, e.g., id.*, pp. 12-16. *Leonard v. MetLife Ins. Co.*, No. 2:12-CV-10003-SVW-SS, 2013 WL 12210177, at *4 (C.D. Cal. Feb. 25, 2013) (plan fell outside of safe harbor exemption because employer could amend, modify or terminate the plan and employer performed various functions such as determining eligibility for benefits under the plan).

18. For these reasons, the Plan is an employee benefit plan within the meaning of 29 U.S.C. Section 1002(3).

**C.     Plaintiffs' Alaska State Law Claims Are Preempted By ERISA.**

19. The Complaint is squarely premised on BCBSIL's alleged failure to pay for benefits under the Plan. *See generally* Exhibit A. Specifically, the Complaint states that BCBSIL failed to pay for claims for benefits under the Plan. *Id.*, ¶ 4. Undoubtedly, such

claims arise out of, and necessarily depend upon, the parties' rights and obligations under the Plan, which, as demonstrated above, is an "employee benefit plan" governed by ERISA. Thus, Plaintiffs' only recourse for the claims they bring arise exclusively under ERISA, and no independent legal duty is implicated by the allegations in the Complaint. *Davila*, 542 U.S. at 210.

20. Accordingly, ERISA provides the exclusive remedy for this action, and Plaintiffs cannot avoid complete preemption by making general allegations that may constitute state law causes of action. *Id.* at 209; *Leonard*, 2013 WL 12210177, at *5-7 (member's state law claim including purported claim of breach of the duty of good faith and fair dealing completely preempted by ERISA where claim alleged that defendant had withheld benefits under ERISA plan); *Lofgreen v. Aetna Life Ins. Co.*, No. CV 10-481-TUC-RCC, 2011 WL 13302507, at *3-4 (D. Ariz. Jan. 31, 2011) (breach of contract and bad faith state law claims completely preempted by ERISA where claims were entirely based on the denial of benefits under the terms of an ERISA-governed plan).

21. Because Plaintiffs' causes of action "derive entirely from the particular rights and obligations established by" the Plan, they are completely preempted by Section 502(a). *Davila*, 542 U.S. at 213-14. Therefore, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 1441 and 29 U.S.C. Section 1132(a).

### III. COMPLIANCE WITH THE REMOVAL STATUTE

22. This Notice of Removal is properly filed with the United States District Court for the District of Alaska pursuant to 28 U.S.C. Section 1446(a) because the Superior Court for the State of Alaska at Juneau, Alaska, is located in this federal judicial district.

23. This Notice of Removal is filed with this Court within thirty (30) days of the date BCBSIL received a copy of the Complaint on June 28, 2021. *See* 28 U.S.C. Section 1446(b).

24. Pursuant to 28 U.S.C. Section 1446(d), written notice of this Notice of Removal will be timely filed with the Clerk of the Superior Court for the State of Alaska at Juneau, Alaska.

25. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal will be served on Plaintiffs' counsel.

26. Pursuant to 28 U.S.C. Section 1446(a), a true and legible copy of all process, pleadings, and orders served upon BCBSIL are attached hereto as Exhibit F.

27. The undersigned has signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure in accordance with 28 U.S.C. Section 1446(a).

## IV. **CONCLUSION**

WHEREFORE, BCBSIL hereby gives notice that this action is removed from the Superior Court for the State of Alaska at Juneau, Alaska to the United States District Court for the District of Alaska.

DATED this 28th day of July, 2021.

LANE POWELL LLC
Attorneys for Defendant


By  s/  Hans N. Huggler
    Hans N. Huggler, ABA No. 1505025

I certify that on July 28, 2021, a copy of
the foregoing was served via mail on:

Thomas Batchelder
12175 Glacier Highway
Unit E203
Juneau AK 99801

s;/ Hans N. Huggler